IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LISA DiNELLO,

        Plaintiff,

v.                               No. 06 C 2763

U.S. DEPARTMENT OF EDUCATION,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff Lisa DiNello alleges that, in 1994, she paid off student loans represented by two notes. The original principal for the notes totaled $5,225. In her Complaint, and as amplified in response to a motion to dismiss, plaintiff alleges an administrative nightmare in which, despite having already paid off her loans, there have been repeated attempts to collect principal, penalties, and accruing interest. Plaintiff alleges that defendant United States Department of Education is still attempting to collect payments for the loans. Plaintiff contends that every time she has convinced a particular person (at a financial institution, government agency, or collection agency) that she owes no debt, a new person is assigned her file or the debt is assigned to a new party and collection procedures are

again instituted. Plaintiff contends she has written more than 100 letters concerning collection of the debt. Attempts to collect the debt allegedly have resulted in garnishments, attorney fees, and other expenses that have cost plaintiff more than $16,000.

In an attempt to end the continuing collection proceedings, plaintiff brought suit in state court naming the Department as the only defendant. A default judgment was entered in the state court proceeding that provided declaratory and injunctive relief, awarded $14,972.67 in damages, and awarded $1,807.90 in fees and costs. Defendant contends it was never properly served in the case. After learning of the default judgment being entered, defendant removed the case to federal court based on being a federal agency. See 28 U.S.C. § 1442(a)(1). Defendant moves to vacate the default and to dismiss the action based on a lack of subject matter jurisdiction in that the United States has not waived its sovereign immunity for any claim contained in the lawsuit. In response to contentions by plaintiff, defendant also contends that certain claims are not legally cognizable. If the case is not dismissed, defendant contends the default judgment should be vacated because defendant was not properly served. For present purposes, plaintiff's factual allegations are taken as true and the question is whether such allegations state any basis for

retaining jurisdiction over this case and, if so, whether, any claims for which there is jurisdiction state a basis for relief.

The Complaint is denominated as having five counts.[1] Count I seeks a declaratory judgment declaring that both loans have been paid in full. This and every other count also seeks an award of the attorney fees and costs incurred in the present lawsuit. Count II seeks an injunction prohibiting defendant from (a) further attempting to collect on the notes and (b) making further assignments of the notes for purposes of collection by

---

[1] A copy of the Complaint is provided as an exhibit to defendant's reply. Defendant states in its reply (at 1) that "inexplicably" the Complaint was not forwarded to the district court clerk after removal of the case from state court. This shows a misunderstanding of removal procedures. When a case is removed from state court, there generally is no physical transfer of the case file from state court to federal court. See 28 U.S.C. §§ 1446; 1447(b), 1449. When a case is removed, the removing party is required to file in the district court, along with its notice of removal, a copy of all process, pleadings, and orders previously served on the removing party. Id. § 1446(a). Ordinarily, this will include the complaint that was filed in state court. The court can order that the removing party provide copies of all necessary papers. See id. § 1447(b). While a writ can be issued directing the state court to provide its files, id., that is not the usual practice. In the present case, defendant contends a copy of the Complaint was never properly served on it. If that is true (plaintiff contends it is not), § 1446(a) did not require that defendant attach a copy of the Complaint to its notice of removal since that was not one of the pleadings previously served on defendant. However, it still would have been a prudent practice for defendant to have obtained a copy of the Complaint from the state file and to have filed it along with the notice of removal. It is hoped that the United States Attorney's Office for this District will follow such a practice in the future, or at least provide a copy of the complaint as soon as practicable after a notice of removal is filed.

other parties. Count III seeks an affirmative injunction requiring that defendant report to credit reporting companies that the two notes were paid in full as of August 4, 1994. In Count IV, plaintiff alleges that defendant's conduct violates the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681u.[2] On this count, plaintiff seeks damages represented by the fees and expenses she has incurred fighting prior collection attempts as well as damages resulting from the inaccurate credit reporting such as lost employment opportunities, being turned down for loans to purchase real estate and personal property, and higher interest rates she had to pay on financing actually obtained. Count V seeks the return of overpayments on the notes that have resulted from the garnishment of plaintiff's wages. Except for Count IV, plaintiff does not expressly allege a statutory basis for any of her claims. The Complaint having been filed in state court, plaintiff also does not expressly allege any statutory basis for federal jurisdiction.

---

[2] Count IV of the Complaint is titled "Fair Credit Reporting Act." Paragraph 23 of that Count, however, refers to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e. In response to the motion to dismiss, plaintiff cites only the FCRA. Even if plaintiff were to pursue a Fair Debt claim, it would be without merit. Defendant is not a debt collector under that Act, see id. § 1692a(6)(C), which is a requirement both for a violation of § 1692e and for liability under the Act, see id. § 1692k; Burgess v. United States Department of Education, 2006 WL 1047064 *5 (D. Vt. April 17, 2006).

In response to the motion to dismiss, plaintiff raises various bases for jurisdiction. Defendant contends that plaintiff cannot rely on such grounds because they are not stated in the Complaint itself. Plaintiff, however, is not limited to nor bound by the legal characterizations of her claims that are contained in the Complaint. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000); Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999). In response to the motion to dismiss, however, plaintiff must identify the legal bases for her claims and make adequate legal arguments in support of her claims. Kirksey, 168 F.3d at 1041-42; Stransky v. Cummins Engine Co., 51 F.3d 1329, 1335 (7th Cir. 1995); Gilmore v. Southwestern Bell Mobile Systems, L.L.C., 224 F. Supp. 2d 1172, 1175 (N.D. Ill. 2002). To the extent supported by adequate legal argument, the various characterizations of her claims that are raised in response to the motion to dismiss will be considered.

Initially, it should be kept in mind that defendant did not remove this case based on there being federal question or diversity jurisdiction. See 28 U.S.C. § 1441(a). Defendant removed this case solely based on the fact that a federal agency may remove a case brought against it in state court. See id. § 1442(a)(1). Removal under this provision does not require that there be an independent basis of federal jurisdiction such as federal question or diversity jurisdiction. Charles Alan Wright,

Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure: Jurisdiction 3d § 3727 at 166 (1998). However, if the case is one that could not have been brought in state court, the case must be dismissed for want of jurisdiction even if the case could have been brought as an original case in federal court. Edwards v. United States Department of Justice, 43 F.3d 312, 316 (7th Cir. 1994); Reid v. United States, 715 F.2d 1148, 1153-54 (7th Cir. 1983); Federal Practice, § 3727 at 170-71. Thus, the principal issue presently before the court is not whether any of plaintiff's claims could have been brought originally in federal court, but whether plaintiff brings any claims that could have been brought originally in state court. A corollary to that question is whether sovereign immunity would deprive the state court of jurisdiction over plaintiff's claims.

Plaintiff contends sovereign immunity in the state court was waived by the Higher Education Act ("HEA"), 20 U.S.C. § 1082(a)(2). Alternatively, plaintiff contends that this court has jurisdiction under the "Little Tucker Act," 28 U.S.C. § 1346(a)(2). To the extent any claim of plaintiff should be construed as a tort, she contends she has exhausted her administrative remedies and that this court would have jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq.

Initially, in determining whether there is a basis for retaining jurisdiction over this case, it need not be decided whether plaintiff's allegations would support federal jurisdiction in this court under the Little Tucker Act or the FTCA. The Little Tucker Act provides for exclusive jurisdiction in federal district court or the Court of Federal Claims. See 28 U.S.C. § 1346(a)(2). Jurisdiction over an FTCA claim is exclusively in federal district court. Id. § 1346(b). Neither statute provides a waiver of sovereign immunity permitting an action to be brought in state court. Thus, even if plaintiff adequately alleges a Little Tucker Act or FTCA claim that may properly be brought in federal district court, that would not, as discussed above, provide a basis for jurisdiction over a case removed from state court. Therefore, it must first be determined whether there was some other basis for the state court exercising jurisdiction over a claim against the Department of Education.

Plaintiff's other contention is that she could bring claims based on the HEA. Plaintiff relies on 20 U.S.C. § 1082(a)(2) as providing a waiver of sovereign immunity. That statute permits certain types of actions to be brought against defendant in either state or federal court. The statute provides:

> In the performance of, and with respect to, the functions, powers, and duties, vested in him

> by this part [20 U.S.C. § 1071 et seq.], the Secretary may--
>> (2) sue and be sued in any court of record of a State having general jurisdiction or in any district court of the United States, and such district courts shall have jurisdiction of civil actions arising under this part without regard to the amount in controversy, and action instituted under this subsection by or against the Secretary shall survive notwithstanding any change in the person occupying the office of Secretary or any vacancy in that office; but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Secretary or property under the Secretary's control and nothing herein shall be construed to except litigation arising out of activities under this part from the application of sections 509, 517, 547, and 2679 of Title 28; . . . .

20 U.S.C. § 1082(a)(2).

The limited waiver of sovereign immunity contained in § 1082(a)(2) generally does not include suing the Department of Education for injunctive relief or other similar process. Thomas v. Bennett, 856 F.2d 1165, 1168 (8th Cir. 1988); OneSimpleLoan v. United States Secretary of Education, 2006 WL 1596768 *5 (S.D.N.Y. June 9, 2006); Burgess v. United States Department of Education, 2006 WL 1047064 *4 (D. Vt. April 17, 2006); Perkins v. United States Department of Education, 2002 WL 31370473 *2 (S.D. Ohio Sept. 30, 2002); Green v. United States, 163 F. Supp. 2d 593, 597 (W.D.N.C. 2000).

There is, however, a narrow exception to this anti-injunction provision for acts of the Department that are outside its statutory authority. OneSimpleLoan, 2006 WL 1596768 at *5; Burgess, 2006 WL 1047064 at *4; Advanced Career Training v. Riley, 1997 WL 214863 *5 (E.D. Pa. April 25, 1997).

> "This partial waiver of sovereign immunity must be strictly construed in favor of the Secretary." Coalition of New York State Private Career Schools, Inc. v. Riley, 1996 WL 678453, *2 (N.D.N.Y. 1996) (citing Ardestani v. Immigration and Naturalization Service, 502 U.S. 129, 137 (1991)). "The dispositive issue, then, is what constitutes an action outside of authority for the purpose of Section 1082." [Calise Beauty School, Inc. v. Riley, 941 F. Supp. 425, 428 (S.D.N.Y. 1996).] The Court of Appeals for the Second Circuit has imposed a high bar to the application of this exception, "stressing the fundamental distinction 'between the exercise of a function or power that is clearly outside the statutory authority [of the Secretary of Education] on the one hand, and improperly or even unlawfully exercising a function or power that is clearly authorized by statute on the other . . .'" Id. [at 429] (quoting Volges v. Resolution Trust Corporation, 32 F.3d 50, 53 (2d Cir. 1994)). The upshot here is that the Court lacks jurisdiction to issue an injunction (or "other similar process"), under § 1082(a)(2), where the Secretary "is colorably acting within [her] enumerated powers." Gross v. Bell Sav. Bank PaSA, 974 F.2d 403, 408 (3d Cir. 1992).

OneSimpleLoan, 2006 WL 1596768 at *5.

It is clear that the Department of Education has the power to collect student loans that have been assigned to it. The dispute is not whether defendant has the authority to enforce

terms of the loan, but whether the loan was previously paid in full. The present type of case does not satisfy the exception to the anti-injunction provision of § 1082(a)(2). Cf. Advanced Career, 1997 WL 214863 at *7 (failure to obtain sufficient records from loan servicing agency does not constitute exceeding authority that would be an exception to the anti-injunction provision). Since Counts II and III seek injunctive relief only, they do not state any basis for supporting jurisdiction in either the state court or federal court. Counts II and III will be dismissed for lack of jurisdiction.

Count I is different. Count I seeks only declaratory relief, in particular, a declaration that the loan has previously been paid in full. Declaratory relief is distinct from injunctive relief. American Association of Cosmetology Schools v. Riley, 170 F.3d 1250, 1254 (9th Cir. 1999). Section 1082(a)(2) permits the pursuit of declaratory relief against the Department of Education. Thomas, 856 F.2d at 1168; OneSimpleLoan, 2006 WL 1596768 at *6; Student Loan Marketing Association v. Riley, 907 F. Supp. 464, 474 (D.D.C. 1995), aff'd, 104 F.3d 397, 401-02 (D.C. Cir.), cert. denied, 522 U.S. 913 (1997). See also Cosmetology Schools, 170 F.3d at 1254 n.2 (collecting cases). However, declaratory relief is not permitted if it is coercive in nature or otherwise similar to injunctive relief. Cosmetology Schools, 170 F.3d at 1254; OneSimpleLoan, 2006 WL 1596768 at *6.

Here, plaintiff seeks a declaration that her loans have previously been paid in full. That is not simply an indirect means of prohibiting defendant from further collecting the loan. Such a declaration could be used by plaintiff to show credit agencies that reports of an existing debt are inaccurate. It could also be used to convince any further assignees that no debt is due. Additionally, a declaration that the debt has been paid in full does not require that defendant return any funds that have previously been paid. The HEA permitted plaintiff to bring Count I in state court. Perkins, 2002 WL 31370473 at *4. Therefore, the state court had jurisdiction over plaintiff's action and this court continues to have jurisdiction upon removal. Although not necessary to support jurisdiction over this removed case, it is noted that Count I could have been brought originally in federal court.

Jurisdiction over Count I is a sufficient basis for denying dismissal of the action on jurisdictional grounds. However, it still must be considered whether Counts IV and V state cognizable claims over which this court has jurisdiction. Plaintiff contends her Count IV FCRA claim is cognizable directly under the HEA. She cites a section of the HEA (20 U.S.C. § 1080a) which expressly mentions the FCRA.

Citing Carter v. United States Department of Education, 2001 WL 1268570 *1 (N.D. Ill. Oct. 23, 2001), defendant contends there is no private right of action under the HEA. While that is

indeed the holding in <u>Carter</u>, it is noted that the cases cited by <u>Carter</u> in support of this proposition all involved claims against private lenders. One, though, also involved claims against the Secretary of Education. See <u>Williams v. National School of Health Technology, Inc.</u>, 836 F. Supp. 273 (E.D. Pa. 1993), <u>aff'd by unpublished order</u>, 37 F.3d 1491 (3d Cir. 1994). In <u>Slovinec v. DePaul University</u>, 332 F.3d 1068, 1069 (7th Cir. 2003), the Seventh Circuit held that the HEA does not provide a private right of action against a private person for failure to comply with the HEA. It stated in <u>dictum</u>, though, that it is possible to bring suit against the Secretary for not properly enforcing the HEA. That, though, was probably not a reference to seeking monetary damages from the Secretary and, being <u>dictum</u>, does not expressly take into consideration § 1082(a)(2)'s prohibition on injunctive relief. In any event, Count IV does not require that the issue of a private right of action be resolved.

Plaintiff does not seek to enforce provisions of the HEA itself. While the HEA references the FCRA, it does not provide that the Secretary must comply with provisions of the FCRA upon which plaintiff relies. See 20 U.S.C. §§ 1080a(a), (c)(2), (f).[3]

---

[3]Section 1080a(a) requires that the Secretary of Education and others involved in student loans have agreements with credit bureau organizations for the reporting of credit information about student loans, including reporting amounts borrowed and still due, defaults, and completions of payments or cancellations. Section 1080a(c)(1) requires that the agreements

Therefore, plaintiff is not bringing a claim for the violation of the HEA for which a private right of action would be necessary. Instead, plaintiff is bringing an FCRA claim for which § 1082(a)(2) would be the purported waiver of sovereign immunity permitting the claim to be brought against the Department of Education in either district court or state court. The problem with this theory, though, is that the facts alleged by plaintiff are not for the type of FCRA violation that may be brought in court, either federal or state. See generally 15 U.S.C. § 1681p. Plaintiff does not cite a specific provision of the FCRA. Her claim, however, would be for an inaccurate report made by a furnisher of information to a consumer reporting agency, see id. § 1681s-2(a)(1), and for a failure to correct that report in response to a complaint made directly to the furnisher of information, see id. § 1681s-2(a)(2).[4] Such claims may not be pursued in court, but are instead limited to being brought before the appropriate administrative agency. Id. § 1681s-2(d);

---

have provisions that, prior to disclosure, information is to be verified for accuracy and completeness. There is, however, no provision directly requiring that the Secretary's report of information be accurate. Plaintiff does not allege that defendant failed to have the required provisions in any pertinent agreement nor does plaintiff allege that the Secretary failed to comply with a pertinent agreement or that she can claim such a breach as a third-party beneficiary.

[4]There is no allegation that plaintiff disputed the information directly with a consumer reporting agency, which would be an essential ingredient of a claim pursuant to 15 U.S.C. § 1681s-2(b). See Hukic v. Aurora Loan Services, Inc., 2006 WL 1457787 *5 (N.D. Ill. May 22, 2006).

Hukic v. Aurora Loan Services, Inc., 2006 WL 1457787 *5 (N.D. Ill. May 22, 2006); Pirouzian v. SLM Corp., 396 F. Supp. 2d 1124, 1127 (S.D. Cal. 2005) (HEA case against private lender); Perry v. First National Bank, 459 F.3d 816, 822 (7th Cir. 2006) (dictum). Plaintiff's FCRA claim is not a claim that could have been brought in either the state court or this court. There is no jurisdiction to consider such a claim.

The other possibility is that Count IV could be construed as a common law tort. In that event, the claim would have to be pursuant to the FTCA. See Burgess, 2006 WL 1047064 at *6-7. Section 1082(a)(2) and the FTCA waive sovereign immunity for such claims. Burgess, 2006 WL 1047064 at *4. As previously discussed, an FTCA claim could not have been brought originally in the state court. However, since Count I provides a basis for retaining jurisdiction over the removed case, plaintiff could now bring an FTCA claim. Whether that requires the formality of dismissing an FTCA claim that was actually removed (but for which the state court had no jurisdiction) and plaintiff then amending the Complaint to add an FTCA claim need not be decided. Plaintiff states that she did not intend to bring a tort claim. If plaintiff now desires to amend her Complaint to add an FTCA claim, she should promptly move to amend, or, if done before defendant answers, simply file an Amended Complaint. See Fed. R. Civ. P. 15(a). If plaintiff does decide to pursue an FTCA claim, she should carefully consider whether she has satisfied the

administrative exhaustion requirement for bringing an FTCA claim.⁵ Count IV will be dismissed without prejudice for lack of subject matter jurisdiction.

In Count V, plaintiff seeks a refund of her overpayment. There is some indication that plaintiff believes such a claim can be pursued directly under § 1082(a)(2). However, plaintiff also concedes that this is a contract claim. Since it is a contract claim, plaintiff cannot bring it pursuant to the FTCA. See 28 U.S.C. § 2860(h). Section 1082(a)(2) permits contract claims to be brought against the Department of Education, but such claims must satisfy the requirements of 28 U.S.C. § 1346. Powe v. United States Department of Education, 2005 WL 2045781 *1 (S.D. Ala. Aug. 25, 2005); De La Mota v. United States Department

---

⁵In the present briefs, defendant contends exhaustion has not been satisfied, but plaintiff contends she has satisfied exhaustion. Seventh Circuit law is currently unsettled as to whether exhaustion of an FTCA claim is a jurisdictional requirement, which affects how exhaustion would be considered if raised on a motion to dismiss. See Palay v. United States, 349 F.3d 418, 424 (7th Cir. 2003). If plaintiff decides to pursue an FTCA claim, she should adequately allege exhaustion to avoid a possible pitfall of failing to allege a jurisdictional requirement. Plaintiff should also carefully consider whether her factual situation would support a tort claim under Illinois law, which is the substantive law incorporated into any FTCA claim she may bring. Compare Burgess, 2006 WL 1047064 at *7 (defamation of credit claim, apparently under Vermont law, could not be brought under the FTCA, which does not permit claims for liable or slander, 28 U.S.C. § 2860(h)); Perkins, 2002 WL 31370473 at *3 (claim that Department of Education employee provided false information could not be brought under FTCA based on § 2860(h)'s exclusion of claims for misrepresentation, deceit, and slander).

of Education, 2003 WL 21919774 *4 (S.D.N.Y. Aug. 12, 2003), rev'd on other grounds, 412 F.3d 71 (2d Cir. 2005).[6]

Since plaintiff's refund claim exceeds $10,000, it could not be brought in district court and instead would have to be brought in the United States Court of Federal Claims. 28 U.S.C. § 1346(a)(2); De La Mota, 2003 WL 21919774 at *4. Plaintiff does not dispute that this is the ordinary rule. Citing Giordano v. Roudebush, 617 F.2d 511 (8th Cir. 1980), however, plaintiff contends that claims in excess of $10,000 may be brought in the district court if joined with equitable claims. Giordano, though, contains no such holding. Instead, Giordano holds that the district court can retain jurisdiction over the equitable claims even if the plaintiff is also pursuing contractual damages in excess of $10,000. Under Giordano, all the monetary damages must be separately pursued in the Court of Federal Claims (then known as the Court of Claims). Id. at 514-15. Cf. Student Loan Marketing, 104 F.3d at 401-02; Buckley ex rel. Douglas v. Mount Sinai Hospital Medical Center, 2006 WL 2460596 *4 (N.D. Ill. Aug. 21, 2006). Plaintiff cites no other case supporting this contention. There is no jurisdiction in either the state court

---

[6]De La Mota, 2003 WL 21919774 at *4, also held that sovereign immunity for the monetary claim in that case was not waived by § 1082(a)(2) because the waiver in that statute only applies to the Department of Education whereas any monetary relief in De La Mota would have been paid out of a Treasury Department fund. Defendant does not raise that contention regarding DiNello's claims.

or this court over plaintiff's Count V contract damages claim, which exceeds $10,000.

On the first page of her response brief, in the section titled "Introduction," plaintiff states: "With regard to the default judgment, Plaintiff concedes that service was improper in light of the case law presented by Defendant. To that end, Plaintiff agrees that the default judgment should be vacated regardless of whether the case is heard in this Court or in the Circuit Court of Cook County, Illinois." In the "Argument" section of her brief, in a subsection entitled "The Judgment is Valid," however, plaintiff contends defendant was properly served because the case was filed in state court and defendant was served in accordance with 735 ILCS 5/2-211. Pl. Resp. Br. at 5. Plaintiff contends it was sufficient to serve process on an employee at a Department of Education office in Chicago. In a footnote at the end of its brief, defendant alternatively contends the default should be vacated based on insufficient process in that proper process required that plaintiff also deliver the summons to the United States Attorney for this District and the United States Attorney General as required by Fed. R. Civ. P. 4(i).

While federal rules for service apply after removal, see 28 U.S.C. § 1448; Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 355 n.6 (1999), the federal rules for service do not apply prior to removal. Wilkey v. Golden

Feather Realty Services, Inc., 2006 WL 2478317 *9-10 (E.D. Tenn. Aug. 25, 2006). Defendant does not dispute that the service that occurred was sufficient under state law.[7]

Regardless of whether defendant was properly served, however, the default judgment should be vacated because, in addition to granting declaratory relief on Count I, the default judgment granted injunctive and monetary relief on claims over which the state court lacked jurisdiction. See Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure: Civil 3d, § 2695 at 131 (1998). The default judgment that was entered by the state court will be vacated. All counts, other than Count I, will be dismissed without prejudice for lack of subject matter jurisdiction. Defendant shall answer the remaining allegations of the Complaint by January 12, 2007.[8] In the meantime, the parties should meet to discuss whether they can resolve the dispute over whether or not plaintiff has already paid off her loans. A status hearing will be held on January 17,

---

[7] Assuming service was sufficient, that also means that the removal was untimely since not filed within 30 days of service. See 28 U.S.C. § 1446(b). Plaintiff, though, has not requested a remand based on an untimely removal. At this point, it is too late to request a remand based on the removal being untimely. See 28 U.S.C. § 1447(c). Also, even if service were insufficient, defendant has already filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, so it can no longer file a motion to dismiss the case based on insufficiency of service or of process. See Fed. R. Civ. P. 12(g), (h)(1).

[8] If plaintiff intends to amend her Complaint to assert an FTCA claim, she should promptly inform defendant and file the Amended Complaint prior to January 12, 2007.

2007 at 11:00 a.m. If the parties have not settled the case by that time, they should be prepared to inform the court regarding any discovery that will be necessary.

IT IS THEREFORE ORDERED that defendant's motion to dismiss and vacate [7] is granted in part and denied in part. The default judgment previously entered in state court is vacated. Counts II, III, IV, and V of the Complaint are dismissed without prejudice for lack of subject matter jurisdiction. By January 12, 2007, defendant shall answer the remaining allegations of the Complaint. A status hearing will be held on January 17, 2007 at 11:00 a.m.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: DECEMBER 21, 2006