IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA DiNELLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 2763 |
| | ) | |
| U.S. DEPARTMENT OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lisa DiNello alleges that, in 1994, she paid off student loans represented by two Notes. The original principal for the Notes totaled $5,225. In her Amended Complaint, plaintiff alleges an administrative quagmire in which, despite having already paid off her loans, there have been repeated attempts to collect principal, penalties, and accruing interest. Plaintiff alleges that defendant United States Department of Education is currently garnishing her wages in order to collect payments for the loans. Attempts to collect the debt and inaccurate credit reports allegedly have resulted in overpayment of the loans, a lost employment opportunity, and the denial of a real estate loan. Plaintiff also alleges that

she has suffered damages in the form of the attorney fees and other expenses incurred while opposing the collection of the debt.

Plaintiff filed the present lawsuit in state court. Based on 28 U.S.C. § 1442(a)(1), defendant removed this case to federal court. On defendant's motion to dismiss the original complaint, all claims were dismissed except for the Count I claim for declaratory relief. See DiNello v. United States Department of Education, 2006 WL 3783010 (N.D. Ill. Dec. 21, 2006) ("DiNello I"). It was held that the Higher Education Act, 20 U.S.C. § 1082(a)(2), waives sovereign immunity to permit a claim limited to that relief. See id. at *3-4. The possibility was left open that plaintiff could amend her complaint to adequately state a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. See id. at *6. In her Amended Complaint, plaintiff reasserts the Count I declaratory relief claim. She adds Counts II, III, and IV which are based on the FTCA. Count II seeks to allege a false report to a credit reporting agency in violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681u, as an FTCA claim. Count III is labeled as negligent interference with business expectancy and economic advantage. Count IV is labeled as intentional interference with business expectancy and economic advantage. Defendant has moved to dismiss Counts II, III, and IV. Defendant contends no FTCA

claim may be pursued because plaintiff failed to exhaust her administrative remedies. As to Counts III and IV, defendant also contends that such claims may not be brought under the FTCA. See 28 U.S.C. § 2860(h).[1] Defendant also contends that the United States, not one of its agencies, is the only appropriate defendant to an FTCA claim. Further, defendant contends that any FTCA claim that is permitted to continue must be limited to ordinary damages and may not include the requests for injunctive relief and punitive damages.

A plaintiff's failure to exhaust administrative remedies prior to bringing suit mandates the dismissal of an FTCA claim. 28 U.S.C. § 2675(a); Palay v. United States, 349 F.3d 418, 425 (7th Cir. 2003). This requires that a claim first be adequately presented to the appropriate federal agency. Id. A regulation provides: "a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; . . . ." 28 U.S.C. § 14.2(a). In light

---

[1] Defendant does not raise any issue regarding whether a violation of the FCRA would also be a violation of Illinois law, which is the substantive law incorporated into the FTCA for present purposes. See DiNello I, 2006 WL 3783010 at *6 n.5.

of this regulation, the Seventh Circuit has identified four elements that must be satisfied in order to present a sufficient administrative claim: "(i) notification of the incident; (ii) a demand for a sum certain; (iii) the title or capacity of the person signing; and (iv) evidence of this person's authority to represent the claimant." Kanar v. United States, 118 F.3d 527, 528 (7th Cir. 1997).

The Seventh Circuit has held that exhaustion must be pleaded in support of an FTCA claim. Palay, 349 F.3d at 424. Recent cases, however, have left open the question of whether this is a jurisdictional requirement or a mandatory element of the claim. See id. The distinction affects whether a motion to dismiss based on exhaustion is one under Rule 12(b)(1) which permits the consideration of outside facts and the resolution of disputed facts or a Rule 12(b)(6) motion for which plaintiff's well-pleaded allegations are taken as true. See id. at 424-25. Even assuming all the issues raised in the pending motion are pursuant to Rule 12(b)(6), plaintiff has not pleaded that exhaustion is satisfied. Therefore, Counts II, III, and IV will be dismissed.

Plaintiff concedes that she did not submit a Form 95, so the issue is whether some other written document that she submitted to defendant was adequate notification. Each FTCA count incorporates the allegation: "Plaintiff has requested

review of [the] false reporting [of unpaid debt] with Defendant, and Defendant has failed to address said request, thus exhausting Plaintiff's administrative remedies." Am. Compl. ¶ 69. This does not include any allegation that plaintiff claimed that she lost property or was otherwise injured, nor is it alleged that she requested a sum certain nor any compensation whatsoever. Therefore, the allegations do not support that plaintiff satisfied the exhaustion requirement. See Erxleben v. United States, 668 F.2d 268, 270-72 (7th Cir. 1981) (failure to request sum certain); Best Bearings Co. v. United States, 463 F.2d 1177, 1179 (7th Cir. 1972) (request that property be returned does not satisfy claim requirement).

In response to the motion to dismiss, plaintiff contends that correspondence that she sent to defendant satisfies the exhaustion requirement and that she has provided such correspondence as exhibits attached to her Amended Complaint. Two of the exhibits attached to the Amended Complaint are letters addressed to defendant. Both are signed by plaintiff herself. Exhibit I is dated March 29, 1997. The March 29 letter to Mercedes Zajicek of the Department of Education states that plaintiff is enclosing copies of a March 11, 1997 letter from Mike Grofman of the Illinois Student Assistance Commission ("ISAC") and plaintiff's March 29, 1997 response. The March 29 letter to ISAC requests that Grofman review a list of prior

correspondence. The March 29 letter to the Department of Education requests a current telephone number for Zajicek so plaintiff could "call to see if we can devise a way to expedite resolution of this problem." The March 29, 1997 letter to defendant does not satisfy the requirements for an administrative claim.

Exhibit K to the Amended Complaint is a February 23, 1999 letter to the Department of Education. The letter reads:

> Re: [social security number]
>
> Requesting 'administrative review of this debt...'
>
> This is in response to letter from National Payment Center, Greenville, TX dated 1/30/99.
>
> I am and have been in dispute of this debt. Please review the correspondence from ISAC dated 6/21/93, 5/3/94, 4/11/94 and 7/8/94 all signed by A.C. Bilski. These documents reveal and acknowledge the errors on the part of ISAC, the action they promised but have failed to perform.
>
> Additionally, I contacted Paul Derwinski (Dept of Ed) who assigned me one of his assistants, Mercedes Zajicek. Her supervision of my continued correspondence has had no effect on this issue.
>
> Awaiting your response for 'administrative review' - still desirous of resolving this matter.

Consistent with the allegation in the body of the Amended Complaint, the February 23 letter does not identify a loss of

property, request a sum certain, nor request any damages. The February 23 letter does not satisfy the claim requirement.

Since plaintiff has not presented an administrative claim to the Department of Education, Counts II, III, and IV will be dismissed for failure to exhaust administrative remedies. It is unnecessary to consider defendant's other contentions regarding those counts.

IT IS THEREFORE ORDERED that defendants' motion to dismiss certain counts [35] is granted. Counts II, III, and IV of the Amended Complaint are dismissed. All discovery is to be completed by September 17, 2007. A status hearing will be held on September 26, 2007 at 11:00 a.m.

ENTER:

*[signature]*
UNITED STATES DISTRICT JUDGE

DATED: June 21, 2007